```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

MARIA AGUILAR,                       §
                                     §
                    Plaintiff,       §
                                     § Civil Action No. 3:05-CV-0408-D
VS.                                  §
                                     §
CITIMORTGAGE, INC.,                  §
                                     §
                    Defendant.       §

                      MEMORANDUM OPINION
                         AND ORDER

In this removed action, plaintiff Maria Aguilar ("Aguilar"), now proceeding *pro se*, sues defendant CitiMortgage, Inc. ("CMI") for wrongful foreclosure. CMI moves for summary judgment and for an award of attorney's fees incurred in foreclosing on and taking possession of the property in question. For the reasons that follow, the court grants CMI's motion.

                              I

Aguilar sued CMI in Texas state court for wrongful foreclosure of her home located in Grand Prairie, Texas. CMI removed the case to this court based on diversity of citizenship and federal question jurisdiction.[1] Following removal, CMI filed an answer and

---

[1]Because CMI removed the case based on diversity of citizenship as well as on the basis of a federal question, this case does not involve the jurisdictional impediment presented in cases like *Leggette v. Washington Mutual Bank, FA*, 2005 WL 2679699, at *5 (N.D. Tex. Oct. 19, 2005) (Fitzwater, J.) (holding that court lacked federal question jurisdiction in suit that alleged wrongful foreclosure based on similar alleged Federal Housing Administration regulatory violations).

request for attorney's fees. Under the terms of the relevant promissory note and deed of trust and under Texas law, CMI seeks such fees incurred in protecting its rights under the promissory note and deed of trust. Although the answer does not explicitly contain a "counterclaim" denominated as such, it specifically alleges that "CMI hereby sues to recover said attorneys' fees and expenses." Answer ¶ 16.

On March 10, 2006 CMI filed a motion for summary judgment, pointing to the absence of evidence to support Aguilar's wrongful foreclosure claim and to evidence of its own that defeats her claim. CMI also requests an award of $6,000 in attorney's fees.[2]

---

[2]CMI also requests a contingent award of attorney's fees if Aguilar seeks a "new trial." This term is inapposite in federal court in the summary judgment context. *See, e.g., Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *1 (N.D. Tex. Nov 10, 1999) (Fitzwater, J.). CMI asks for additional fees if Aguilar appeals unsuccessfully to the Fifth Circuit. As this court has explained before, it does not award contingent fees.

> The court declines to award contingent attorney's fees. [Plaintiff] may apply for an award of such fees if and when they are incurred. Although state courts may prospectively award post-trial attorney's fees before they lose jurisdiction, federal courts operate under different jurisdictional constraints. This court's uniform practice is to deny such requests without prejudice to awarding them on a subsequent application based on the fees incurred.

*Wright v. Blythe-Nelson*, 2004 WL 2870082, at *4 n.6 (N.D. Tex. Dec. 13, 2004) (Fitzwater, J.) (citing *Nat'l Satellite Sports, Inc. v. Garcia*, 2003 WL 21448375, at *3 (N.D. Tex. June 18, 2003) (Fitzwater, J.)). Accordingly, CMI may seek appellate fees later, if and when incurred.

II

CMI filed its motion for summary judgment on March 10, 2006. Aguilar's response was therefore due on March 30, 2006. *See* N.D. Tex. Civ. R. 7.1(e). Although Aguilar is now proceeding *pro se*, this status does not excuse her failure to respond to CMI's motion.

> It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman v. Shubzda,* 945 F. Supp. 999, 1005 (N.D. Tex. 1996) (Fitzwater, J.). It is well settled that although a nonmovant's failure to respond does not permit the court to enter a "default" summary judgment, the court is permitted to accept the defendant's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman*, 945 F. Supp. at 1002 (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because Aguilar is relegated to her unsworn pleadings, which are not summary judgment evidence, she has failed to adduce proof that is sufficient to create a genuine issue of material fact in

support of her wrongful foreclosure claim. She has also failed to produce evidence that raises a genuine issue of material fact as to CMI's evidence that affirmatively defeats the claim.

Accordingly, CMI is entitled to summary judgment dismissing Aguilar's wrongful foreclosure claim.

III

CMI sues Aguilar to recover $6,000 in attorney's fees incurred in foreclosing on and taking possession of the property.

As a threshold matter, it is immaterial that CMI failed to denominate this claim as a counterclaim. The answer explicitly pleads that "CMI hereby sues to recover said attorneys' fees and expenses." Answer ¶ 16. Aguilar was on notice that CMI was suing her to recover its attorney's fees and expenses under the promissory note, deed of trust, and Texas law. *See id.* The court must not focus on labels but on what CMI actually alleged. *Cf.* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1407, at 40 (2d ed. 1990) (pointing out that in cases not explicitly covered by Fed. R. Civ. P. 8(c), where counterclaims have been designated as cross-claims, and vice-versa, "courts generally have ignored the nomenclature actually used by the pleader and have treated the claim as if it had been properly labeled").

Regarding the merits, because CMI will have the burden at trial of establishing facts that entitle it to this relief, to

-4-

prevail on its motion for summary judgment it "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  CMI has met its burden with the evidence it has adduced.  And by failing to respond to CMI's motion, Aguilar has failed to introduce any evidence that creates a genuine issue of material fact.

The court grants summary judgment in CMI's favor, awarding it the sum of $6,000 in attorney's fees.[3]

\* \* \*

CMI's March 10, 2006 motion for summary judgment is granted. By judgment filed today, Aguilar's action against CMI is dismissed with prejudice, and CMI is awarded judgment in its favor in the sum of $6,000.

**SO ORDERED.**

April 10, 2006.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE

---

[3]CMI's attorney affidavit does not specify the hourly rate for the attorney or the time devoted to any specific task (although the tasks themselves are disclosed).  If the fee request had been contested, the court would not have approved an award based on the present evidence.  It is not challenged, however.  Because the amount sought is relatively modest and is facially reasonable in the context of this case, the court will grant the attorney's fees requested, except to the extent CMI seeks fees for contingent services.  *See supra* note 2.